UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES T. SHORT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:08-CV-465 |
| ) | (VARLAN/GUYTON) |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion For Summary Judgment [Doc. 8], and the defendant's Motion For Summary Judgment. [Doc. 13]. Plaintiff James T. Short seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

## BACKGROUND

Plaintiff was 54 years of age when the ALJ issued his decision (Tr. 21, 15). He has an eighth grade education, with work experience as a laborer in various construction related capacities, specifically lumbar yards (Tr. 217). He alleges that he has been disabled since October/November 2005, due to neck pain, for which he takes over the counter medications. He also reports trouble walking, climbing stairs, and breathing (Tr. 97, 218-220).

## MEDICAL RECORD EVIDENCE

The relevant medical record evidence is summarized as follows:

In August 2002, plaintiff saw William N. Smith, M.D. ("Dr. Smith") with complaints of coughing, congestion, and wheezing (Tr. 203). Dr. Smith assessed asthmatic bronchitis and prescribed medication (Tr. 203). Plaintiff was to return for any new problems (Tr. 203). Plaintiff returned in March 2005 and was seen by Luis C. Pannocchia, M.D. ("Dr. Pannocchia"). Dr. Pannocchia noted that plaintiff had a long history of asthmatic bronchitis and a history of cigarette smoking ["32 years of 2 packs per day"] (Tr. 202). Plaintiff complained of shortness of breath and wheezing (Tr. 202). Dr. Pannocchia diagnosed chronic obstructive pulmonary disease exacerbation and treated him with medication (Tr. 202).

In November 2005, the plaintiff filed for disability, alleging disability beginning October 31, 2005.

In February 2006, plaintiff saw Joseph L. Johnson, M.D. ("Dr. Johnson"), at the request of the state agency (Tr. 181-85). Plaintiff reported bilateral knee stiffness, chronic neck stiffness, and asthma (Tr. 181). Plaintiff reported that he had two "acute" doctor visits for asthma – one in 2003 and another in 2005 (Tr. 181). He reported that he slept several hours during the day (Tr. 181). He told Dr. Johnson that his smoking history was "one pack per day for 30 years" (Tr. 182). On examination, he had mild-to-moderate decreased breath sounds (Tr. 183). The neck was nontender to palpation, and he had reduced range of neck motion (Tr. 183). He had reduced range of back motion (Tr. 183). He also had reduced range of knee motion, but his knee extension strength was normal (Tr. 184). His gait was moderately stiff and his speed was mildly-to-moderately slow

2

(Tr. 184). Cervical spine and lumbar spine x-rays revealed moderate-to-severe multilevel degenerative changes (Tr. 184, 186). Plaintiff had hand joint swelling, but his grip was normal (Tr. 183). Dr. Johnson opined that plaintiff could sit for four-to-five hours during an eight-hour workday; and stand or walk for an hour and a half during an eight-hour day (Tr. 185). He could occasionally lift up to twenty pounds "and not routinely lift" (Tr. 185).

Also in February 2006, plaintiff underwent a pulmonary function test (Tr. 187-200). Plaintiff had a high of 3.50 FVC and 1.92 FEV1 on pre-bronchodilation and 3.38 FVC and 2.18 FEB1 on post-bronchodilation (Tr. 187).

In March 2006, Denise P. Bell, M.D. ("Dr. Bell"), reviewed plaintiff's records and completed a Physical Residual Functional Capacity Assessment (Tr. 173-80). Dr. Bell opined that plaintiff remained capable of performing work at the medium exertional level (Tr. 174). According to Dr. Bell, plaintiff could occasionally climb, balance, stoop, kneel, crouch, and crawl (Tr. 175). He should avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation (Tr. 177).

In August 2006, plaintiff again saw Dr. Smith (Tr. 168-69). Plaintiff reported that he had severe neck and back pain (Tr. 168). He reported that he was unable to do any work at all (Tr. 168). Dr. Smith noted that plaintiff was "moderately nervous" and was unable to work (Tr. 168). Plaintiff reported a history of chronic obstructive pulmonary disease, and admitted that he continued to smoke (Tr. 168). Dr. Smith noted that plaintiff moved "slowly and lethargically" (Tr. 169). On examination, he had lumbar spine tenderness, pain on straight leg raising on the left, and reduced (to fifty percent) limitation of lower back motion (Tr. 169). He had crepitus in both knee joints and fifty percent range of knee motion (Tr. 169). His lower extremity reflexes were normal

3

(Tr. 169). He had lost about half his neck motion and the doctor noted pain on palpation of his neck (Tr. 169). He was moderately obese (211 pounds at 5'5" (Tr. 169)). Dr. Smith diagnosed degenerative cervical disc disease; cervical spine hypertrophic spondylosis; osteoarthrits of cervical spine, lumbar spine, and thoracic spine; chronic obstructive pulmonary disease; bronchial asthma; and obesity (Tr. 169).

In November 2007, Dr. Smith opined that plaintiff could lift five pounds frequently and occasionally, but also opined that plaintiff could lift and/or carry ten pounds (Tr. 166). He opined that plaintiff could stand for thirty minutes without interruption, for one hour in an eight-hour day (Tr. 166). Plaintiff could sit for thirty minutes without interruption and for a total of eight hours in an eight-hour workday (Tr. 166). He could never climb, stoop, kneel, balance, crouch, or crawl (Tr. 167). His impairment impacted his ability to reach, handle, push/pull, and hear (Tr. 167). His impairments also restricted his ability for heights, moving machinery, temperature extremes, chemicals, dust, noise, fumes, humidity, and vibration (Tr. 167). Dr. Smith, however, did not identify any medical findings to support these restrictions, stating only "see record" (Tr. 166-167).

## **TESTIMONY EVIDENCE**

At the hearing before the ALJ on December 19, 2007, the plaintiff testified that he was 54 years of age and that he had pain mainly in his neck (Tr. 219). He used non-prescription pain medication, like Aleve (Tr. 220).

The plaintiff testified that he does light housework. With regard to cigarette smoking, he testified that he actually had been smoking three packs per day until he cut down to one pack a day[1] (Tr. 227).

A vocational expert, Edward Monty Smith ("Mr. Smith"), also testified at the hearing (Tr. 224-228). Mr. Smith gave an assessment of the plaintiff's work history. Mr. Smith testified that the plaintiff, assuming certain exertional impairments and a residual functional capacity for light work, could perform jobs with no exposure to pollutants, such as dust, mold chemicals, fumes, and noxious gases (Tr. 225). Mr. Smith also said that the plaintiff would have certain activity restrictions, including twisting of the neck, climbing of ladders, ropes or scaffolds, or crawling. Mr. Smith identified jobs that the plaintiff could perform (Tr. 225-226). Mr. Smith added that if the plaintiff had "severe" pain, or if he couldn't work 8 hours a day, five days a week, no jobs would be available for him (Tr. 226).

## DECISION OF THE ALJ

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

2. The claimant has not engaged in substantial gainful activity since October 31, 2005, the alleged onset date.

---

[1] In the Court's record, this was the plaintiff's third version of the facts about his history of smoking.

5

3. The claimant has the following "severe" combination of impairments: multi-level degenerative disc disease of the cervical spine without spinal cord impingement; degenerative changes of multiple levels in the lumbar spine without signs of nerve root encroachment; degenerative arthritis of the bilateral knees; arthritis in both hands; and bronchial asthma.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work except that he must refrain from working in exposure to pulmonary irritants, such as dust, smoke, fumes, chemicals, and noxious gases. He would have to avoid excessive twisting and turning of the neck. he also should "never" climb ropes, ladders, or scaffold; or crawl.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born on February 12, 1953, and was 52 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date.

8. The claimant has a limited education and is able to communicate in English.

9. Transferability of job skills is not [an issue in this case].

10. Considering the claimant's age, education, work experience, and residual functional

6

         capacity, there are jobs that exist in significant numbers in the national economy that the claimant can reasonably be expected to perform.

11.  The claimant has not been under a disability, as defined in the Social Security Act, from October 31, 2005 through the date of this decision.

(Tr. 14-21).

  The Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 3-5). Therefore, the ALJ's decision stands as the Commissioner's final decision subject to judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## **STANDARD OF REVIEW**

  If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986); and see Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (holding that, in a close case, unless the Court is persuaded that the Secretary's findings are "legally insufficient," they should not be disturbed). The Court may not review the case de

7

novo, resolve conflicts in evidence, or decide questions of credibility.  Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

## **ANALYSIS**

Plaintiff argues that the ALJ erred in finding that he retained the residual functional capacity to perform a range of light work, because the ALJ did not give proper weight to the opinions of Dr. Smith and the consulting examiner, Dr. Johnson.  Plaintiff argues that Dr. Johnson's February 22, 2006 assessment found certain limitations which, if given controlling weight by the ALJ, would have resulted in a finding of disability and the award of benefits.  Specifically, the plaintiff cites the Court to Dr. Johnson's assessment that the plaintiff could sit for four to five hours during an eight-hour day, stand or walk for 90 minutes during an eight-hour day; not routinely lift; and occasionally lift up to 20 pounds (Tr. 185).

The plaintiff concedes that Dr. Smith's treatment of him was infrequent.  He argues, however, that Dr. Smith's November 9, 2007 Medical Assessment Of Ability To Do Work-Related Activities (physical) also would result in a finding of disability.  In addition, the plaintiff objects to the ALJ's reliance on the findings of Dr. Bell.

The Commissioner asserts that substantial evidence supports the ALJ's residual functional capacity finding for light work, with certain restrictions.  The Commissioner argues that this finding was consistent with the opinion rendered by Dr. Bell, and with the plaintiff's strong daily activities.  Moreover, the Commissioner argues that the objective findings of record do not support the limitations assessed by Dr. Johnson and Dr. Smith

8

The Court finds that the amount of weight given by the ALJ to the opinions of the doctors in this case was appropriate. Even if Dr. Smith is considered to be a "treating physician", which is doubtful, the ALJ may not assign controlling weight to a treating physician's opinion unless the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2); SSR 96-2p; Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir. 1997).

The plaintiff argues, understandably, that the ALJ should not typically reject the opinions of doctors who have examined the plaintiff in favor of the opinions of a consulting doctor who has not. In the present case, however, the objective evidence of record simply does not support the extreme medical opinions advanced by the plaintiff. The plaintiff's actual medical treatment has been virtually none. He has not taken any medications other than over the counter drugs, like Aleve. The plaintiff's activities of daily living clearly do not indicate someone who is disabled (Tr. 103-104, 126-127).

The ALJ reasonably relied on the vocational expert's testimony to conclude that plaintiff could perform a significant number of jobs, despite the limitations caused by his impairments. Substantial evidence in the record as a whole supports the ALJ's decision that plaintiff was not disabled.

Accordingly, I find that the ALJ properly reviewed and weighed all of the medical source opinions, the objective medical findings, and plaintiff's credibility to determine that he could perform a range of light work. Substantial evidence supports the ALJ's findings and conclusions.

9

Therefore, it is hereby **RECOMMENDED**[2] that the plaintiff's Motion For Summary Judgment [Doc. 8] be **DENIED** and that the Commissioner's Motion For Summary Judgment [Doc. 13] be **GRANTED**.

Respectfully submitted,

    s/ H. Bruce Guyton
United States Magistrate Judge

---

[2]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).