UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAMES T. SHORT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CV-465 |
| | ) | (VARLAN/GUYTON) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This social security appeal is before the Court for consideration of plaintiff James T.

Short's Objections to the Magistrate Judge's Report and Recommendation [Doc. 16]. In his

Report and Recommendation (the "R&R") [Doc. 15], the magistrate judge found that

substantial evidence in the record as a whole supported the decision of the Administrative

Law Judge (the "ALJ") that plaintiff was not disabled. Accordingly, the magistrate judge

recommended that plaintiff's motion for summary judgment [Doc. 8] be denied, and that

defendant Michael J. Astrue, Commissioner of Social Security's (the "Commissioner's")

motion for summary judgment [Doc. 13] be granted.

## I.      History of the Case

Plaintiff filed an application for disability insurance benefits with the Social Security

Administration on December 1, 2005, alleging disability beginning on October 31, 2005 [Tr.

74]. Plaintiff appeared before the ALJ for a hearing on December 19, 2007 [Tr. 210-28].

At the hearing, plaintiff testified that he was fifty-four years of age, and had pain mainly in his neck [Tr. 215, 219]. He testified that he took primarily non-prescription medication, like Aleve, to treat his pain [Tr. 220]. He testified further that he does light housework [Tr. 223]. Plaintiff also testified that he smoked three packs of cigarettes per day, until he cut back to one pack per day [Tr. 227].

Edward M. Smith, a vocational expert, also testified at the hearing [Tr. 224-28]. Mr. Smith provided an assessment of the plaintiff's work history [Tr. 224-25]. Mr. Smith testified that the plaintiff could perform jobs with no exposure to pollutants, like dust, mold chemicals, fumes, and noxious gases [Tr. 225]. Mr. Smith also opined that the plaintiff's activities would be subject to certain restrictions, like avoiding twisting of the neck, the climbing of ladders, ropes, or scaffolds, or crawling [Tr. 225]. Mr. Smith identified several jobs plaintiff could perform, including sorter, deli slicer, and photocopy machine operator [Tr. 225-26]. Mr. Smith added that, if the plaintiff had severe pain, or if the plaintiff could not work eight hours a day for five days a week, no jobs would be available to him [Tr. 226-27].

Plaintiff's claim for benefits was denied by the ALJ on December 27, 2007 [Tr.11-21]. In his decision, the ALJ made the following findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

(2) The claimant has not engaged in substantial gainful activity since October 31, 2005, the alleged onset date.

2

(3)     The claimant has the following "severe" combination of impairments: multi-level degenerative disc disease of the cervical spine without spinal cord impingement; degenerative changes at multiple levels in the lumbar spine without signs of nerve root encroachment; degenerative arthritis of the bilateral knees; arthritis in both hands; and bronchial asthma.

(4)     The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

(5)     After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work except that he must refrain from working in exposure to pulmonary irritants, such as dust, smoke, fumes, chemicals, and noxious gases. He would have to avoid excessive twisting and turning of the neck. He also should "never" climb ropes, ladders, or scaffold; or crawl.

(6)     The claimant is unable to perform any past relevant work.

(7)     The claimant was born on February 12, 1953, and was 52 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date.

(8)     The claimant has a limited education and is able to communicate in English.

(9)     Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

(10)    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can reasonably be expected to perform.

(11)    The claimant has not been under a disability, as defined in the Social Security Act, from October 31, 2005 through the date of this decision.

[Tr. 16-21]. The Appeals Council denied plaintiff's request for review of the ALJ's decision [Tr. 3-5]. The ALJ's decision thus stands as the Commissioner's final decision subject to judicial review. 42 U.S.C. §§ 405(g) and 1383(c)(3).

Plaintiff filed a complaint with this Court on November 17, 2008 seeking judicial review of the ALJ's decision [Doc. 3]. Plaintiff filed a motion for summary judgment on February 18, 2009 [Doc. 8]. The Commissioner filed a motion for summary judgment on April 27, 2009 [Doc. 13]. The magistrate judge issued his R&R on August 11, 2009 [Doc. 15]. Plaintiff filed his objections to the R&R on August 12, 2009 [Doc. 16].

## II.     Standard of Review

The Court must conduct a de novo review of those portions of the magistrate judge's R&R to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). The Court must determine whether the Commissioner applied the proper legal standards and whether the Commissioner's findings are supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard of judicial review requires that the Court accept the Commissioner's decision if a reasonable mind might accept the evidence in the record as adequate to support the Commissioner's conclusions. *Walters v. Comm'r of Soc. Sec. Admin.*, 127 F.3d 525, 528 (6th Cir. 1997). If substantial evidence supports the Commissioner's decision, it is irrelevant whether the record could support a decision in the

4

plaintiff's favor or whether the Court would have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). On review, the plaintiff bears the burden of proving entitlement to benefits. *Boyes v. Sec. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citing *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971)).

**III. Analysis**

As required by 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), this Court has undertaken a de novo review of those portions of the R&R to which plaintiff objects. In considering plaintiff's objection to the magistrate judge's R&R, the Court has independently reviewed the entire record, including the R&R and the administrative record. For the reasons that follow, plaintiff's objection will be overruled.

In his objection, plaintiff argues that the magistrate judge erred in concluding that the residual functional capacity ("RFC") determination made by the ALJ was supported by substantial evidence. In support of his argument, plaintiff contends that the ALJ failed to consider the medical opinions of Dr. Joseph L. Johnson and Dr. William N. Smith in making the RFC determination [Doc. 16]. He contends further that the magistrate judge did not address the ALJ's failure to consider these medical opinions, and in doing so failed to address all of the issues raised in plaintiff's summary judgment memorandum.

The Court disagrees. An ALJ may not assign controlling weight to a treating physician's opinion unless the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence

5

in the record. 20 C.F.R. § 404.1527(d)(2); SSR 96-2p, 1996 WL 374188, at *1 (July 2, 1996); *Walters*, 127 F.3d at 530. As the magistrate judge found, the "objective evidence of record simply does not support the extreme medical opinions advanced by the plaintiff" [Doc. 15]. This finding is borne out by the inconsistency of the objective evidence of record–including that the plaintiff has received "virtually no[]" medical treatment, that he has taken almost exclusively non-prescription medications for his illness, and that his "activities of daily living clearly do not indicate someone who is disabled"–with the diagnoses plaintiff has offered suggesting that his ailments amount to a disability [*Id.*]. The Court thus finds no error in the magistrate judge's determination that the "amount of weight given by the ALJ to the opinions of the doctors in this case was appropriate" [*Id.*].

The Court notes further that, in making the RFC determination, the ALJ relied upon the opinion of Dr. Denise P. Bell, who reviewed plaintiff's records and conducted a physical RFC assessment [Tr. 173-80]. Dr. Bell opined that the plaintiff remained capable of performing work at the medium exertional level, having retained the ability to occasionally lift and/or carry fifty pounds or more, and to frequently lift and/or carry twenty-five pounds or more [Tr. 174]. Dr. Bell opined further that plaintiff could occasionally climb, balance, stoop, kneel, crouch, and crawl [Tr. 175]. She opined finally that the plaintiff should avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation [Tr. 177].

As the magistrate judge explained, the ALJ decided to credit the opinion of Mr. Smith over the opinions of Drs. Johnson and Smith. This decision is neither surprising nor erroneous, given the opinion of Dr. Bell, and given the inconsistencies between the opinions

6

advanced by the plaintiff's medical doctors and other substantial evidence in the record. The

Court thus finds substantial evidence in the record to support the ALJ's RFC determination,

and no error in the magistrate judge's conclusion in this respect.

## IV.    Conclusion

For the reasons just given, the Court will overrule plaintiff's objections to the

magistrate judge's R&R [Doc. 16]; accept in whole the R&R [Doc. 15]; deny plaintiff's

motion for summary judgment [Doc. 8]; grant the Commissioner's motion for summary

judgment [Doc. 13]; affirm the Commissioner's decision denying plaintiff's application for

benefits; and dismiss this case.

An order reflecting this opinion will be entered.


                                        s/ Thomas A. Varlan
                                        UNITED STATES DISTRICT JUDGE